833 F.2d 1023
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Mark J. VITALE, Petitioner,
v.
DEPARTMENT OF JUSTICE, Respondent.
 No. 87-3376.
 United States Court of Appeals, Federal Circuit.
 Oct. 13, 1987.
 
 Before DAVIS, Circuit Judge, NICHOLS, Senior Circuit Judge, and MAYER, Circuit Judge.
 PER CURIAM.
 
 DECISION
 
 1
 Petitioner asks review of the final decision of the Merit Systems Protection Board (MSPB), docket No. NY07528610449, sustaining the Bureau of Prison's removal of petitioner Mark J. Vitale from the position of Correctional Officer, Metropolitan Correctional Center (MCC), New York, New York. We affirm the board's decision.
 
 OPINION
 
 2
 Petitioner Vitale appealed against the Department of Justice in 1986 after his removal by the Bureau of Prisons from his position as a correctional officer at the Metropolitan Correctional Center (MCC). The agency's decision was predicated upon four general charges: (1) falsification of documents; (2) breach of security; (3) refusal to obey orders and instructions of superiors; and (4) absence without official leave. The administrative law judge (ALJ) sustained the Bureau of Prison's action based on the evidence submitted in the record for the following charges: 1, 2B (in part), 2C, 2D, 3B, 4E, 4F, 5 (in part), and 6. A comparison of the sustained with the not sustained charges indicates that the more substantial charges were those upheld. Petitioner appealed to the full board which denied review and the ALJ's opinion became final on March 27, 1987.
 
 
 3
 The decision below must be affirmed unless it is:
 
 
 4
 1. arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law;
 
 
 5
 2. obtained without procedures required by law, rule or regulation having been followed; or
 
 
 6
 3. unsupported by substantial evidence.
 
 
 7
 5 U.S.C. Sec. 7703(c); Hayes v. Department of the Navy, 727 F.2d 1535, 1537 (Fed.Cir.1983).
 
 
 8
 The ALJ correctly approved petitioner's removal from his post at MCC. The decision was based on substantial evidence and was not arbitrary, capricious, nor an abuse of discretion. See Hayes, supra. The record indicates that petitioner's disagreements with the ALJ's opinion rest upon credibility assessments and nothing more. This court generally will not overturn credibility determinations by administrative law judges. Hambsch v. Department of Treasury, 796 F.2d 430, 436 (Fed.Cir.1986); DeSarno v. Department of Commerce, 761 F.2d 657, 661 (Fed.Cir.1985); Griessenauer v. Department of Energy, 754 F.2d 361, 364 (Fed.Cir.1985). Petitioner's contentions, therefore, remain unsupported.
 
 
 9
 Petitioner further alleges that the penalty he received was inappropriate for the misconduct charged. (See Pet.'s Br. at Item 2). This court will not disturb an agency's penalty unless it is so harsh and unconscionable in relation to the offenses as to amount to an abuse of discretion. Villela v. Department of the Air Force, 727 F.2d 1574, 1576 (Fed.Cir.1984). An agency has the discretion to remove an employee, Lisiecki v. Merit Systems Protection Board, 769 F.2d 1558, 1564 (Fed.Cir.1985), cert. denied, 106 S.Ct. 1514 (1986), and that discretion remains undisturbed unless the resulting action is "totally unwarranted." Miguel v. Department of Army, 727 F.2d 1081, 1083 (Fed.Cir.1984). The ALJ correctly sustained the Bureau of Prison's action.
 
 
 10
 Lastly, petitioner asserts a claim for back pay based on his alleged inappropriate removal. He has, he says, been "reinstated," but in another agency, the Veterans Administration, and without back pay for the period between removal and "reinstatement." Such "reinstatement" does not, of itself, create any right to back pay and has not mooted the case. It is not an admission that any pay was wrongly withheld. It has no bearing on our decision and thus the contention is not properly before the court.